# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00072-CR

Clemente Alejandro Davila, Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 05-118, THE HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 2006, pursuant to a plea bargain, appellant Clemente Alejandro Davila pled guilty to aggravated sexual assault of a child and was placed on deferred adjudication community supervision. *See* Tex. Penal Code § 22.021(a)(1)(B)(i), (2)(B); Tex. Code Crim. Proc. art. 42.12, § 5(a). In January 2015, after granting the State's third motion to adjudicate guilt, the trial court adjudicated appellant guilty, revoked his community supervision, and assessed his punishment at 15 years' confinement in the Texas Department of Criminal Justice.[1] *See* Tex. Code Crim. Proc.

---

[1] The State's third motion to adjudicate contained numerous allegations of violations of supervision conditions, which included the failure to report to his supervision officer, changing his residence without his supervision officer's permission, the failure to pay the fine and court costs, the failure to pay supervision fees, the failure to pay the sexual-assault program fees, the failure to attend and successfully complete the aftercare program, the commission of new offenses (possession of marijuana and failure to register as a sex offender), the failure to perform community-service work, and the failure to attend and successfully complete the sex-offender counseling program. At the conclusion of the adjudication hearing, at which both the State and appellant presented evidence, the trial court found that appellant had violated the conditions of his supervision as alleged.

art. 42.12, § 5(b); Tex. Penal Code § 12.32. On appeal, appellant complains about error in the written judgment adjudicating guilt and seeks modification of the judgment. In addition, through our own review of the record, we have found additional clerical errors in the written judgment adjudicating guilt. We will modify the judgment to correct the clerical errors and, as modified, affirm the judgment adjudicating guilt.

## DISCUSSION

In his sole point of error, appellant complains about error in the judgment concerning the Penal Code offense for which he was adjudicated. The judgment adjudicating guilt states the "Offense for which Defendant Convicted" is "Aggravated Sexual Assault/Indecency With a Child." The record reflects that while appellant was originally charged with two counts of indecency with a child in addition to the instant aggravated sexual assault of a child, those two counts were dismissed pursuant to the plea-bargain agreement. Further, the record reflects that appellant was placed on deferred adjudication community supervision only for the offense of aggravated sexual assault of a child. When he was adjudicated guilty, he was convicted only of the offense of aggravated sexual assault of a child. We agree with appellant that the offense reflected in the judgment adjudicating guilt is incorrect.

In our own review of the record, we observe that the written judgment adjudicating guilt contains additional clerical errors. First, the judgment states the "Statute for Offense" is "22.021(A)(2)(B) Penal Code." The applicable statutory provisions for the offense as alleged in the indictment here, however, also include subsection (a)(1)(B)(i) of section 22.021 of the Penal Code. Thus, the "Statute for Offense" is "22.021(a)(1)(B)(i), (2)(B) Penal Code." Second, the judgment

2

states that appellant's "Plea to Motion to Adjudicate" was "True." The record, however, does not reflect that appellant pled "True" to the allegations contained in the motion to adjudicate. In fact, the record does not reflect a formal plea to the allegations at all. The record does reflect, however, that the State presented witness testimony and evidence to prove the violations alleged in the motion to adjudicate, which was only necessary if appellant maintained that the allegations were not true. Finally, appellant's surname is misspelled in the judgment as "Davilla" rather than "Davila."

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment adjudicating guilt to reflect that the "Offense for which Defendant Convicted" is "Aggravated Sexual Assault of a Child," the "Statute for Offense" is "22.021(a)(1)(B)(i), (2)(B) Penal Code," appellant's "Plea to Motion to Adjudicate" was "Not True," and appellant's surname is "Davila."

## CONCLUSION

We modify the trial court's judgment adjudicating guilt as noted above to correct the clerical errors and affirm the judgment as modified.

_____

                        Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Modified and, as Modified, Affirmed

Filed:   August 20, 2015

Do Not Publish